UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Marshall Mack, | ) C/A No. 9:10-2511-HFF-BM |
|---|---|
| Petitioner; | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| State of South Carolina, | ) |
| Respondent. | ) |

The petitioner, Marshall Mack ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at McCormick Correctional Institution, a facility of the South Carolina Department of Corrections. The petition in this case should be dismissed because it fails to raise grounds that entitle Petitioner to habeas relief.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* habeas petition filed in this case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District



---
[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

Courts.[2]

This court is required to construe *pro se* petitions liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (A document filed *pro se* is to be liberally construed.). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true, *Hughes*, 449 U.S. at 9, but the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). The petition submitted in this case, even under this less stringent standard, is subject to summary dismissal.

## BACKGROUND

The petition reveals that Petitioner was sentenced in state court to twenty (20) years imprisonment on August 13, 2004, after a jury convicted him on a third offense drug distribution charge. A direct appeal was not filed, but he was granted a belated direct appeal through his first state post-conviction relief action. After a hearing, Petitioner's first post-conviction relief action, except for the belated appeal, was denied and dismissed on April 18, 2007. Petitioner alleges his belated appeal was not handled properly procedurally, resulting in the dismissal of the appeal by the South Carolina Supreme Court on December 8, 2008. Petitioner filed a second state post-conviction

---

[2] A district court may apply Section 2254 Rules to a habeas corpus petition not filed pursuant to § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.



relief action on June 6, 2009, and a "Writ of Mandamus Injunction" on March 9, 2010, as well as an *Austin* appeal on July 29, 2010. Clearly state proceedings in relation to Petitioner's conviction and sentence are pending at this time.

## DISCUSSION

The petition is filed pursuant to 28 U.S.C. § 2241. Petitioner contends his "independent due process claim" based on inordinate delay invokes the court's jurisdiction pursuant to 28 U.S.C. § 2241. Petitioner, however, is a state prisoner, and essentially challenges the state appellate process occurring in the state criminal case which resulted in his conviction and sentence of imprisonment. As a state prisoner, his challenge should be brought under 28 U.S.C. § 2254, which allows a habeas petition by a "person in custody pursuant to the judgment of a State court" on claims that "he is in custody in violation of the constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court, however, should decline to construe this action as brought pursuant to § 2254.[3] The petition fails to assert any grounds for relief, other than inordinate delay. If the habeas petition is construed as brought under § 2254, rather than § 2241, any future § 2254 petition filed concerning this conviction could be barred as successive under 28 U.S.C. § 2244(b)(2). *See Long v. Ozmint*, 558 F.Supp.2d 624 (D.S.C. 2008) (dismissing petitioner's successive application under § 2254 where petitioner had previously filed first application challenging only state's inordinate delay in processing habeas application). While § 2254 allows for the filing of successive petitions, leave to file such petitions must be granted by the Court of Appeals, and are only available in certain limited

---

[3] It is noted that if the petition were construed as brought pursuant to § 2254, rather than § 2241, the Fourth Circuit decision in *U.S. v Castro*, 540 U.S. 375 (2003), although regarding a § 2255 motion, would appear to counsel for notification to the petitioner prior to re-characterizing the petition to a § 2254 action.



3

circumstances. 28 U.S.C. § 2244(b)(2).

As the petition correctly acknowledges, every habeas corpus case, whether filed pursuant to § 2241 or § 2254, must initially address the issue of exhaustion of state remedies. The longstanding requirement that state remedies must be exhausted before filing a federal habeas corpus action is codified in the statute, 28 U.S.C. § 2254, which provides that an "application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1); *see also Picard v. Connor*, 404 U.S. 270 (1971). The exhaustion requirement is also applicable to habeas actions brought pursuant to 28 U.S.C. § 2241. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion also required under 28 U.S.C. § 2241); *Moore v. De Young*, 515 F.2d 437, 442-443 (3rd Cir. 1975)(same). An exception is made to the exhaustion requirement, however, when "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii); *see also Ward v. Freeman*, 1995 WL 48002. *1 (4th Cir. February 8, 1995)(state remedies may be rendered ineffective by inordinate delay in state proceedings.); *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3rd Cir. 1986) (same).

Petitioner files his petition for a writ of habeas corpus based solely on his claim of excessive delay in state court proceedings. Petitioner clearly has state court proceedings pending in relation to his conviction and sentence, but argues that the inordinate delay should result in waiver of the exhaustion requirement and his inordinate delay claim should result in his release. When inordinate delay renders state remedies ineffective, exhaustion of state remedies may be excused or waived to allow substantive claims to be considered in a federal habeas action. *Allen v. Leeke*, 328 F.Supp. 292



4

(D.S.C. 1971) ("Excessive and inordinate delay by a State Court in processing a State prisoner's habeas petition has often been held to warrant dispensing with the requirement of exhaustion of State remedies."). However, because the petition in this case fails to assert any grounds for habeas relief other than inordinate delay, the petition contains no substantive grounds on which habeas relief may be granted, and waiver of the exhaustion requirement to consider substantive grounds for habeas relief is futile. If the petition is construed to claim that inordinate delay is itself a substantive claim, as mentioned above, the petition must be considered under § 2254 and any future § 2254 petition filed concerning Petitioner's conviction could be barred as successive under 28 U.S.C. § 2244(b)(2). The petition should be dismissed without prejudice to allow the petitioner to correctly file his claim, along with any other claims, in a § 2254 action, either after exhaustion of state remedies, or claiming waiver of exhaustion to allow consideration of all grounds available for habeas relief pursuant to § 2254.

## **RECOMMENDATION**

Accordingly, it is recommended that the petition for a writ of habeas corpus be dismissed *without prejudice* and without requiring a response by the respondent. **Petitioner's attention is directed to the important notice on the next page.**

_____
Bristow Marchant
United States Magistrate Judge

November 4
October ____, 2010
Charleston, South Carolina

5

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



6